**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|                             |   |                          |
|-----------------------------|---|--------------------------|
| KHAALIS HANNAH,             | : |                          |
|          Plaintiff,         | : | Civil No. 12-5299 (JBS)  |
|       v.                    | : |                          |
| CHRISTOPHER SMITH, et al.,  | : | **MEMORANDUM AND ORDER** |
|          Defendants.        | : |                          |

---

Plaintiff, Khaalis Brown, a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this civil rights action under 42 U.S.C. § 1983.  Plaintiff failed to pay the $350.00 filing fee and did not submit a complete application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.

1

28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that this Plaintiff has incurred any dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B) to date.

In this case, Plaintiff failed to either pay the $350.00 filing fee, or submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1); in particular, Plaintiff failed to provide a complete in forma pauperis application that contains a signed certification from an authorized officer of the correctional facility where he presently is confined, with his six-month institutional account statement, as prescribed under 28 U.S.C. § 1915(a)(2).

THEREFORE, it is on this **30th** day of **August**, **2012**;

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination

3

is not a "dismissal" for purposes of the statute of limitations,

and that if the case is reopened, it is not subject to the

statute of limitations time bar *if it was originally filed*

*timely*, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox

rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d

Cir. 1996); see also Williams-Guice v. Board of Education, 45

F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he

shall so notify the Court, in writing addressed to the Clerk of

the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th &

Cooper Streets, Room 1050, Camden, New Jersey 08101, within 30

days of the date of entry of this Order; Plaintiff's writing

shall include either (1) a complete in forma pauperis

application, including an affidavit of indigence, **and** six-month

prison account statement, signed and certified by an authorized

officer of the institution where he is confined, or (2) the $350

filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff

stating that he wishes to reopen this case, and either a complete

in forma pauperis application or filing fee within the time

allotted by this Court, the Clerk of the Court will be directed

to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


 s/ Jerome B. Simandle
JEROME B. SIMANDLE, Chief Judge
United States District Court