NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| KHAALIS HANNAH, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-5299 (JBS) |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER SMITH, | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Khaalis Hannah, *Pro Se*
57241
Cumberland County Jail
54 West Broad Street
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge**

Plaintiff, Khaalis Hannah, confined at the Cumberland County Jail, Bridgeton, New Jersey, seeks to reopen this case. Previously, this Court issued an Order administratively terminating the case for failure to pay the filing fee or to properly apply to proceed *in forma pauperis* ("IFP")(Docket Item 2). Plaintiff has since provided an IFP application (Docket Item 3), and provided this Court with his new address (Docket Item 6). Based on his application to proceed IFP,

the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to reopen this case and file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint should be partially dismissed.

**BACKGROUND**

Plaintiff states that on August 4, 2012, he was walking down the street when Defendant Smith and another officer "out of nowhere" approached him. Plaintiff started to run and ended up in a parking lot, where he dropped down to the ground with his arms out. He states that "several officers" started to beat him causing him injuries. (Complaint, ¶ 4).

Plaintiff asks for the following relief:

> Pay me for police brutality[,] fire officer Christopher Smith for harassment, police brutality, also for false accusation, and putting me in the hospital, and having me confined in jail, destroying my reputation as a citizen, and putting me through mental abuse.

(Complt., ¶ 5).

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court must identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides

that a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007), for the proposition that "[a] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent

a summary dismissal, a civil complaint must allege "sufficient

factual matter" to show that the claim is facially plausible. This

then "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Fowler v. UPMC

Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, *supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff

must demonstrate that the allegations of his complaint are plausible.

*See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, &

n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011);

*Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do

more than allege the plaintiff's entitlement to relief. A complaint

has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d

at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35

(3d Cir. 2008)).


2.  **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3. **Plaintiff's Claims**

Plaintiff's claim seeking monetary relief from Defendant Smith for excessive force during the course of his arrest passes muster under the *Iqbal, supra*, standard and Defendant Smith will be ordered to answer the allegations.  However, Plaintiff's claims for release from custody and dismissal of the claims against him must be dismissed.

Assuming Plaintiff is a pretrial detainee, presumably in

criminal proceedings in the state court, this Court must abstain from

ruling on Plaintiff's challenge to his ongoing state court case.

In *Younger v. Harris*, the Supreme Court held that federal courts

may not enjoin pending state court criminal proceedings, even if there

is an allegation of a constitutional violation and even though all

jurisdictional and justiciability requirements are met. *See Younger*,

401 U.S. 37, 41–42 (1971). In subsequent cases, the Court has adopted

the application of *Younger* to claims for declaratory and injunctive

relief. *See Samuels v. Mackell*, 401 U.S. 66 (1971) (holding that the

principles of *Younger* are fully applicable to requests for

declaratory relief). Further, while the Supreme Court has yet to rule

on the application of *Younger* to monetary relief, this Circuit applies

the *Younger* abstention to bar damage suits. *See Gwynedd Properties*

*v. Lower Gwynedd Township*, 970 F.2d 1195 (3d Cir. 1992); *Williams v.*

*Hepting*, 844 F.2d 138 (3d Cir. 1988).

Abstention is appropriate only absent a showing of bad faith

prosecution, harassment, or a patently unconstitutional rule. The

specific elements of the Younger abstention are: "(1) there are

ongoing state proceedings that are judicial in nature; (2) the state

proceedings implicate important state interests; and (3) the state

proceedings afford an adequate opportunity to raise federal claims."

*Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Here, Plaintiff's

complaint indicates that he is facing a criminal prosecution, which

6

aim is to vindicate an important state interest (*i.e.*, punishing

criminal conduct), and New Jersey state courts offer Plaintiff an

adequate opportunity to raise his federal claims, if any.

Thus, *Younger* abstention doctrine bars this Court from

entertaining Plaintiff's action to enjoin the prosecution of the

criminal action against him. The state action is ongoing and

implicates important state interests as it seeks to enforce the

criminal laws of the State of New Jersey.

Further, if Plaintiff is convicted of these charges, he may not

return to this action to challenge the fact or duration of his

confinement by means of an action under § 1983; rather he must exhaust

his state remedies and then, if appropriate, file a federal habeas

application.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Nor can

he seek relief under § 1983 if this Court's adjudication would call

into question the validity of his criminal conviction, unless his

conviction first has been overturned on appeal or in state or federal

collateral proceedings.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Therefore, Plaintiff's challenge to any pending criminal charges

arising out of the alleged facts must be dismissed without prejudice

for failure to state a claim.

## CONCLUSION

For the reasons stated above, Plaintiff's excessive force claim may proceed against Defendant Smith.  The remainder of his claims must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

An appropriate Order follows.


 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Date:  January 17, 2014